935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ellery DIAL, Defendant-Appellant.
 No. 90-5532.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-89-48-3)
 Carl G. Ivarsson, Jr., Cook & Ivarsson, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ellery Dial was convicted by a jury of conspiracy to distribute marijuana and cocaine (21 U.S.C. Sec. 846) and use of a communication facility in the commission of a drug felony (21 U.S.C. Sec. 843) after he attempted to buy eighty pounds of marijuana and two kilograms of cocaine from an undercover officer. He contends that the district court erred in refusing to give him a twolevel reduction in offense level for acceptance of responsibility. In a supplemental brief, Dial also maintains that evidence of juror bias was revealed to him after the trial, that a government witness testified falsely, that exculpatory evidence--a tape recording--was not introduced at trial, that he was denied his right to present his version of the facts to the jury and that he received ineffective assistance at trial and on appeal. We affirm.
 
 
 2
 A defendant seeking an offense level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 must demonstrate by a preponderance of the evidence that he is entitled to the reduction. United States v. White, 875 F.2d 427 (4th Cir.1989). The determination is a factual one, and we review the district court's decision under the clearly erroneous standard. Id. At trial, Dial asserted that he had been entrapped; in his statement to the probation officer after trial, he admitted that he intended to buy the marijuana but said he had no involvement with the cocaine. To be entitled to the reduction under Sec. 3E1.1, a defendant must accept responsibility for all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990). We cannot say here that the district court's refusal to give the reduction was clearly erroneous.
 
 
 3
 The additional allegations made by Dial in his supplemental brief do not provide a basis for overturning the jury's verdict. The claim of juror bias, while potentially troubling, cannot be decided on the record before us; it should be raised in the district court in a motion made under 28 U.S.C. Sec. 2255 or in a petition for a writ of coram nobis. The ineffective assistance claims should be raised in a Sec. 2255 proceeding. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982). The record reveals that the government provided tapes of all recorded conversations to Dial prior to trial. He was free to introduce whatever exculpatory evidence there was in his defense. He had ample opportunity to subpoena defense witnesses and to contest the government's version of events, and he provided his own version to the jury through his testimony. The jury's decision as to the credibility of the witnesses is not subject to review. United States v. Saunders, 886 F.2d 56 (4th Cir.1989).
 
 
 4
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.